# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. __1:25-CV-02766__

DAT SOLUTIONS, LLC,

      Plaintiff,

v.

JOHN CELORIA, and DOES 1-10,

      Defendants.

## [PROPOSED] TEMPORARY RESTRAINING ORDER

This matter came before this Court on Plaintiff DAT Solutions, LLC ("Plaintiff" or "DAT")'s Motion for Temporary Restraining Order, Order to Show Cause re Preliminary Injunction, and Seeking Permission For Limited Expedited Discovery ("Motion") on notice to Defendant John Celoria ("Defendant" or "Celoria"). Having considered the Complaint, Plaintiff's Motion, the Declarations of Jana Galbraith (and exhibits thereto), Brian Gill (and exhibits thereto), Becky Fricker (and exhibits thereto), Steven M. Auvil (and exhibit attached thereto), and Craig Womack (and exhibits thereto), as well as any responses submitted thereto and the arguments submitted by the parties, this Court GRANTS the Plaintiff's Motion as follows:

**IT IS HEREBY ORDERED** that DAT's Motion for Temporary Restraining Order is **GRANTED.**

**IT IS HEREBY ORDERED** that Defendants, and any other person collaborating with Defendants or acting in concert with them are:

- Restrained and enjoined from accessing, using, disclosing, sharing, or making available to any person or entity other than Plaintiff, any of Plaintiff's confidential, proprietary, or trade secret documents, data, or information;

- Restrained and enjoined from sending, transmitting, or otherwise transferring DAT's confidential, proprietary, or trade secret information to any other person or entity;

- Restrained and enjoined from altering, destroying, or disposing of any evidence including documents, communications, information, or other tangible or intangible things, in any form, relating to (i) DAT, (ii) the claims asserted by DAT in this action, or (iii) Defendants' acquisition, use, transfer, or disposal of DAT's property (including but not limited to DAT's confidential, proprietary, and trade secret information); and

- Required to account for (through expedited discovery) and return to Plaintiff any and all of Plaintiff's property, including its confidential, proprietary, and trade secret information, wherever it resides or is stored, and with a full accounting to as to whom any such property has been disseminated.

**IT IS HEREBY ORDERED** that the Temporary Restraining Order will expire upon the Court's ruling on DAT's request for a Preliminary Injunction.

**IT IS HEREBY ORDERED** that no bond need be posted by DAT in connection with this Temporary Restraining Order because the Court finds that there is no risk of monetary loss to Defendant as a result of the issuance of this Order.

**IT IS FURTHER ORDERED** that the parties appear for a Preliminary Injunction hearing before this Court in Room __ of the United States Courthouse, _____, _____, Colorado, on the __ day of September, 2025 at ___ : ____ _.M. (MT), or as soon as counsel can be heard as to why the Court should not issue a Preliminary Injunction Order pursuant to Fed. R. Civ. P. 65 as to the relief outlined above during the pendency of this action.

**IT IS FURTHER ORDERED** that Plaintiff's request for limited expedited discovery is granted in full, namely its request to serve a subpoena on a third party service provider used by

- 3 -

DAT to protect endpoint users and monitor DAT's data, its request to conduct a forensic examination of Defendant's personal electronic devices and storage accounts, and its request to depose Defendant. Defendant shall make himself available for deposition at a mutually agreeable location and on a mutually agreeable date no later than September 12, 2025.

It is so Ordered.

Date: September __, 2025

_____
U.S. District Judge
District of Colorado