IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-02766-SKC-STV

DAT SOLUTIONS, LLC,

        Plaintiff,

v.

JOHN CELORIA, and DOES 1-10,

        Defendants.

---

## TEMPORARY RESTRAINING ORDER

---

This matter comes before the Court on Plaintiff DAT Solutions, LLC ("Plaintiff" or "DAT")'s Motion for Temporary Restraining Order, Order to Show Cause re Preliminary Injunction, and Seeking Permission For Limited Expedited Discovery ("Motion"). Dkt. 3. Having considered the Complaint, Plaintiff's Motion, the Declarations of Jana Galbraith (and exhibits thereto), Brian Gill (and exhibits thereto), Becky Fricker (and exhibits thereto), Steven M. Auvil (and exhibit attached thereto), and Craig Womack (and exhibits thereto), the Court finds as follows:

Plaintiff DAT is a technology company that "has been at the leading edge of innovation in transportation supply chain logistics for almost a half century." Dkt. 1, ¶2. Plaintiff protects its proprietary data with security protocols and controls, data loss prevention tools, monitoring programs, trainings, siloing confidential information based on job responsibilities, and requiring employees to sign

confidentiality agreements. Dkt. 1, ¶6; Dkt. 4, ¶¶6,7. According to Plaintiff's materials Defendant John Celoria, an employee of Plaintiff, has improperly accessed, used, and disclosed Plaintiff's confidential information and trade secrets. Dkt. 1, ¶7; Dkt. 4, ¶30; Dkt. 5, ¶¶23-25. On this evidence, Plaintiff has sufficiently demonstrated a substantial likelihood of success on the merits on its breach of contract claim and its claim for violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*

Plaintiff has also sufficiently alleged irreparable harm in the form of competitive damage and the risk of exposing Plaintiff's security systems to external threats. To be sure, exposing Plaintiff to the risk of hacking and breaches of its networks is not the sort of harm that can easily be compensated by an award of damages. Further, Plaintiff's allegations and evidence demonstrate that Defendant has no intention of ceasing in his campaign to expose Plaintiff's trade secrets. Dkt. 4, ¶¶22-24, 29.

Finally the balance of the equities and the public interest support issuing a Temporary Restraining Order in favor of Plaintiff. Defendant has no right to appropriate or disclose Plaintiff's confidential information and trade secrets, whereas Plaintiff has the exclusive right to determine whether and how any such information is used or disclosed. Thus, there can be no discernable prejudice to Defendant in issuing the restraining order and if there is, it is of his own making. Further, it is in the public's interest for the Court to enforce contractual obligations between parties and to protect trade secrets and prevent unfair competition.

For these reasons the Court GRANTS the Plaintiff's Motion as follows:

IT IS ORDERED that DAT's Motion for Temporary Restraining Order is GRANTED.

IT IS FURTHER ORDERED that Defendants, and any other person collaborating with Defendants or acting in concert with them are:

- Restrained and enjoined from accessing, using, disclosing, sharing, or making available to any person or entity other than Plaintiff, any of Plaintiff's confidential, proprietary, or trade secret documents, data, or information;

- Restrained and enjoined from sending, transmitting, or otherwise transferring DAT's confidential, proprietary, or trade secret information to any other person or entity;

- Restrained and enjoined from altering, destroying, or disposing of any evidence including documents, communications, information, or other tangible or intangible things, in any form, relating to (i) DAT, (ii) the claims asserted by DAT in this action, or (iii) Defendants' acquisition, use, transfer, or disposal of DAT's property (including but not limited to DAT's confidential, proprietary, and trade secret information); and

- Required to account for and return to Plaintiff any and all of Plaintiff's property, including its confidential, proprietary, and trade secret information, wherever it resides or is stored, and with a full accounting to as to whom any such property has been disseminated.

IT IS FURTHER ORDERED that the Temporary Restraining Order shall expire on September 19, 2025, unless before that time the Court, for good cause, extends it for a like period or the Defendant consents to a longer extension. Fed. R. Civ. P. 65(b)(2).

IT IS FURTHER ORDERED that no bond need be posted by DAT in connection with this Temporary Restraining Order because the Court finds there is no risk of monetary loss to Defendant as a result of the issuance of this Order.

IT IS FURTHER ORDERED that the Court construes Plaintiff's request for an Order to Show Cause to be its request for a preliminary injunction. Consequently, the Parties SHALL appear for a Preliminary Injunction Hearing before this Court in Room C201 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado, on the 19th day of September, 2025 at 10:00 A.M. (MST).

IT IS FURTHER ORDERED Plaintiff SHALL TRANSMIT a copy of this Order to Mr. Scott Rowekamp, who has been retained to represent Defendant, although he has not yet entered an appearance in this matter. Plaintiff shall file a certificate of service once it has done so.

IT IS FURTHER ORDERED that Plaintiff's request for limited expedited discovery is held in abeyance pending service of this Order as stated above.

Dated: September 5, 2025.

BY THE COURT:

U.S. District Judge S. Kato Crews
District of Colorado